## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 4319 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| DRITAN ZANI, et al., ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Now before the Court is a petition for attorneys' fees and costs brought by Plaintiff Joe Hand Promotions ("Hand"). Hand seeks $15,645 for work performed by the three attorneys and one paralegal whom Hand retained on this matter. The Court grants the petition [46] in part and denies it in part. The Court awards Hand a total of $6,460 in fees and costs. The Court grants the unopposed request to recover $525 in costs Hand incurred in filing and serving the complaint. The Court further grants Hand's petition to recover attorney Ryan Janis' travel costs in the amount of $995, as those costs were reasonable and appropriately documented. The Court denies the request to recover fees incurred by attorneys David Van Dyke and Emily Bennett because Van Dyke and Bennett do not describe in any detail what work they performed in this case. Finally, the Court grants the request to recover Mr. Janis's and a paralegal's fees in the amount of $4,940. This Court arrives at this award by reducing the amount requested by 35% in light of the limited success Hand achieved in this litigation, the disproportionate amount of fees incurred relative to the damages award, the fees awarded in similar cases, and the relative simplicity of this suit.

**BACKGROUND**

Hand's business is predicated on licensing its exclusive rights over Ultimate Fighting Championship ("UFC") events to commercial establishments. Relevant to this case, Hand owned the exclusive right to transmit the telecast of a December 2010 UFC event. Defendant Zani is the proprietor of the Abram Gale Sports Bar ("AGSB") in Chicago, Illinois. Because the AGSB was mistakenly outfitted with a residential DirecTV account, the bar was able to purchase a pay-per-view telecast of the December 2010 UFC event at the residential rate, rather than the commercial rate of $1,300. The bar advertised the event on its Facebook and Twitter pages and ultimately broadcast the UFC event to its patrons. Hand brought a suit under 47 U.S.C. § 605 against Zani and the AGSB, requesting statutory damages of as much as $50,000. The Court granted summary judgment in favor of Hand.

With regard to damages, however, the Court awarded Hand far less than it requested. Title 47 U.S.C. § 605(e)(3)(C) sets out potential damages for violations of § 605(a). Section 605(e)(3)(C)(i)(II) sets out damages between $1,000 and $10,000 for each violation. Hand requested the maximum of $10,000, but the Court held that Hand had not sufficiently supported its claims for loss. Alternately, Hand sought $50,000 in damages under § 605(e)(3)(C)(ii), which involves willful violations of the statute. But again, Hand did not support its assertions that Zani had violated the statute willfully, nor did Hand controvert Zani's assertion that DirecTV mistakenly installed a residential account without his knowledge and that he had no reason to know that the residential pay-per-view fee he paid was not the appropriate fee. Further, Hand did not controvert Zani's assertion that an award of $250 under § 605(e)(3)(C)(iii) would be far more appropriate. Subsection (C)(iii) reduces the minimum statutory damages to $250 if the court finds that the violator was not aware of the violation and had no reason to believe that he

had violated the statute. Finding this measure of damages most appropriate, the Court awarded Hand only $250 in damages.

## ANALYSIS

Hand now seeks to recover its attorneys' fees and costs in the amount of $15,645. An award of reasonable attorneys' fees is mandatory if the plaintiff prevails on its claim under 47 U.S.C. § 605(a). *Joe Hand Promotions, Inc. v. That Place, LLC*, 11-CV-931, 2012 WL 2525653 (E.D. Wis. June 29, 2012); *Charter Communications Entertainment I, DST v. Burdulis,* 460 F.3d 168, 171 n.2 (1st Cir. 2006); *Directv v. Crespin,* 224 Fed. Appx. 741, 758 (10th Cir. 2007). When determining what amount of attorneys' fees is reasonable, courts begin by calculating the "lodestar" by multiplying an attorney's reasonable hourly rate by a reasonable number of hours expended. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929–30 (7th Cir. 2012). A court may then adjust the fees award depending on a variety of factors, including the degree of success, the relationship between the lodestar amount and the damages awarded, awards in similar cases, and the novelty and difficulty of the issues. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Moriarty v. Svec*, 233 F.3d 955, 967–68 (7th Cir. 2000).

**I.  Costs**

First, Hand asks to recover a $350 filing fee and $175 cost to effectuate service. In its response, Zani does not oppose these costs. Finding these costs reasonable, the Court grants the petition to recover $525 in filing and service costs.

Hand also seeks to recover costs in the amount of $1,045 that its attorney Ryan Janis incurred when he traveled from Pennsylvania to Chicago to attend a settlement conference in June of 2013. These costs cover Janis' airfare, hotel, taxis in Chicago, and parking at the Philadelphia airport. While Mr. Zani correctly points out that travel expenses are not included in

3

28 U.S.C. § 1920, which outlines categories of costs that are generally taxable, reasonable attorney travel costs are recoverable in cases such as these "because travel and meal expenses are the sort of things that a lawyer includes with a bill for professional services." *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997); *see also Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 911 (N.D. Ind. 1998). Further, the Court finds that Mr. Janis' travel costs and his presence at the settlement conference were reasonable, with one minor exception. Mr. Janis' flight itinerary reports one night's stay in Chicago, but his parking receipt indicates that his car remained at the Philadelphia airport for more than three days—incurring $75 in charges. The Court limits Mr. Janis to recover $25 in airport parking for his one day trip. Therefore, the Court grants Hand's motion to recover Mr. Janis' travel costs, but limits the recoverable amount to $995.

## II. Sufficiency of Support

In addition to costs, Hand seeks to recover $14,065 in attorneys' fees. Hand requests $7,775 in fees incurred by Ryan Janis and a paralegal. Mr. Janis' hourly rate is $250, while his paralegal bills at $100 per hour. In total, Mr. Janis billed 29 hours on this matter while the paralegal billed 3.5 hours. As an initial matter, the petition requests $525 in fees for time billed by the paralegal. However, because the petition states that the paralegal spent 3.5 hours on the case at a rate of $100 per hour, the Court reads the request for $525 for the paralegal's time as a typographical or arithmetical error, and limits the recovery for the paralegal's work to $350.

The fees of Mr. Janis and the paralegal are supported by billing statements broken into 23 dated entries and enumerated in six-minute increments. Although Mr. Janis and the paralegal use block billing rather than task billing, they break down their entries by day and describe in sufficient detail the tasks performed during that time. Thus, before being subject to the

diminution outlined in Section III below, the Court finds that Hand provides adequate support for $7,600 in fees.

As to the attorneys' fees of David Van Dyke and Emily Bennett, the Court finds that these fees are not properly supported by the petition or the attorneys' declarations. Mr. Van Dyke and Ms. Bennett report that they billed ten and nine hours on the matter respectively. Because their billing rates vary significantly, Van Dyke's fees total $4,400[1] while Bennett's amount to $1,890. But neither Van Dyke nor Bennett provides any breakdown or meaningful description of the time spent on this matter. Instead, Van Dyke and Bennett submit an identical description of their work on the case. Both state simply that they "contributed to strategy, drafted documents, ensured compliance with local rules and attended requisite hearings." Docket Nos. 46-2 at 1, 46-3 at 1. This merely describes what a generic attorney does on a generic case. The description does not provide the Court with any insight into what work Van Dyke and Bennett actually performed on this matter.

As the Supreme Court has noted, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433-34. While block billing—combining several tasks in a daily time entry—is not prohibited, courts in this district have reduced fee awards or even barred recovery on block-billed time. *See, e.g.*, *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 987 (N.D. Ill. 2012); *Reyes v. Nations Title Agency of Illinois, Inc.*, 00 C 7763, 2001 WL 687451, at *1 (N.D. Ill. June 19, 2001). As the Court holds with regard to Mr. Janis' declaration, block billing is acceptable "[s]o long as the billing statement reasonably sets forth the dates of work, description of work, total hours expended, and total cost

---

[1] Mr. Van Dyke's declaration contains an apparent typographical error, stating that his "billable fees equal Four Thousand Four Hundred Dollars ($4,410.00)." Docket No. 46-2 at 2. Based on the context, the Court understands this to mean $4,400.

for task." *Chao v. Current Dev. Corp.*, 03 C 1792, 2007 WL 2484338, at *3 (N.D. Ill. Aug. 27, 2007).

Here, Van Dyke and Bennett do not even provide block-billed time entries. Instead, they merely state the total number of hours they worked on the case and describe their work in the vaguest possible terms. The Court has no way of knowing whether the time spent or the costs incurred were reasonable. Thus, the Court finds Van Dyke and Bennett's documentation woefully inadequate and therefore denies Hand's request to recover any portion of their fees.

## III. Other Considerations

In calculating whether the lodestar is appropriate, the Supreme Court has made clear that a court should consider the degree of success, the relationship between the fees incurred and the damages awarded, awards in similar cases, and the novelty and difficulty of the case. *Hensley*, 461 U.S. at 430 n.3. The court must determine whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 434. When calculating whether and how much to reduce an award of attorneys' fees, "[t]here is no precise rule or formula . . . . The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. This analysis is particularly crucial where, as here, Plaintiff did not nearly recover what it requested in damages. *Id.* at 434.

Here, the Court finds that each of the above factors weighs in favor of reducing Hand's fee award. First, Hand recovered a small fraction of the amount it requested in damages. In fact, the Court awarded the statutory minimum damages. Perhaps most importantly, this result was based on Hand's failure to offer any evidence to support its alleged damages or to even controvert Zani's assertion that $250 in damages was appropriate. Relatedly, the fees requested

6

are more than 60 times greater than the damages awarded. While there is no mechanical formula, the Court finds this request inappropriate in light of the minimal damages awarded. Additionally, after reviewing Hand's fee petitions in other similar matters, the Court notes that the fees request here are much higher than usual while the damages award is lower than usual. *See, e.g.*, *Joe Hand Promotions, Inc. v. L. A. Moon LLC*, 12-CV-446-WMC, 2013 WL 633572 (W.D. Wis. Feb. 20, 2013) (Hand incurred $1,954 in fees and costs on a $33,000 damages award); *Joe Hand Promotions, Inc. v. Cat's Bar, Inc.*, 08-4049, 2009 WL 700125 (C.D. Ill. Mar. 16, 2009) (Hand incurred $831 in fees and costs on a $16,000 damages award); *Joe Hand Promotions, Inc. v. Parlavecchio*, 10-3294, 2011 WL 4527338 (C.D. Ill. Sept. 28, 2011) (Hand incurred $1,509 in fees and costs on a $13,900 damages award). Finally, the Court finds that the issues at play in this case were neither novel nor difficult. The Court finds that the straightforward nature of these claims and Hand's status as a serial litigant should enable Hand to limit its fees. With all this in mind, the Court finds that the $7,600 in fees incurred by Mr. Janis are unreasonable. Bearing in mind the Court's denial of fees incurred by Mr. Van Dyke and Ms. Bennett, the Court reduces Mr. Janis' fees of $7,600 by 35%. Therefore, the Court awards Hand $4,940 in fees.

## CONCLUSION

For the foregoing reasons, the Court grants Hand's petition for fees and costs [46] in the amount of $6,460. This amounts to $525 in filing and service costs, $995 in travel costs, and $4,940 in attorneys' fees.

Dated: March 11, 2014

SARA L. ELLIS
United States District Judge